**UNITED STATES of America, Appellee,**

v.

**Donald C. HEWITT, Appellant.**

**No. 803, Docket 89–1531.**

United States Court of Appeals, Second Circuit.

Submitted March 1, 1990.

Decided May 3, 1990.

Martin J. Siegel, New York City, for appellant.

Otto G. Obermaier, U.S. Atty. for S.D. N.Y., David N. Kelley, Kerri Martin Bartlett, Asst. U.S. Attys., for appellee.

Before OAKES, Chief Judge, and NEWMAN and WALKER, Circuit Judges.

PER CURIAM:

Donald C. Hewitt appeals an eighteen-month term of imprisonment entered on October 12, 1989, in the United States District Court for the Southern District of New York, Robert W. Sweet, Judge, in accordance with an opinion published at 719 F.Supp. 199 (S.D.N.Y.1989). Hewitt's sentence followed his plea of guilty to one count of using and attempting to use a counterfeit credit card, in violation of 18 U.S.C. § 1029(a)(1), (b)(1) (1988) and 18 U.S.C. § 2 (1988). We affirm.

On appeal, Hewitt challenges the district court's application of section 4B1.3 of the Sentencing Guidelines, commonly referred to as the "criminal livelihood" provision, to adjust his offense level upward from 4 to 11. As in effect at the time of Hewitt's sentencing, section 4B1.3 provided:

> If the defendant committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income, his offense level shall be not less than 13, unless § 3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

United States Sentencing Commission, *Guidelines Manual* § 4B1.3 (June 15, 1988). The application note to the then-existing section 4B1.3 added:

> "Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses. This guideline is not intended to apply to minor offenses.

*Id.* application note 1.

Hewitt seizes on the final sentence in the application note and contends that the district court's consideration of his 1976 arrest for an undefined offense involving stolen credit cards as evidence of his pattern of criminal conduct was improper, because, according to Hewitt, the 1976 incident was a "minor offense." The Government challenges Hewitt's characterization of the 1976 incident as minor. Moreover, regardless of the gravity of this incident, the Government asserts that the minor offense limitation in the application note does not refer to conduct alleged to be part of the pattern of criminal conduct, but instead refers only to the instant offense for which the defendant has been convicted and is being sentenced. In other words, under the Government's interpretation, a defendant who commits and is convicted of a minor offense may not have his offense level adjusted upward pursuant to section 4B1.3. On the other hand, a defendant who commits and is convicted of something other than a minor offense may have his sentence adjusted upward pursuant to section 4B1.3, even when his requisite pattern of criminal conduct consists of otherwise minor offenses.

Before turning to the merits, we first address a preliminary point relating to our application of the Guidelines in this case. Between the times at which Hewitt was sentenced and this appeal was heard, section 4B1.3 was amended, with the amendment deleting the application note's minor offense limitation relied on by Hewitt on this appeal. Under the amended section 4B1.3, neither the guideline, nor either of its two application notes, suggest any limitation according to the gravity of either the conduct subject to the conviction and sentence or the conduct constituting the requisite pattern of criminal conduct. *See Guidelines Manual* § 4B1.3 (Nov. 1, 1989).

Although the amendment certainly narrows the precedential value of our ruling on this issue, we do not believe that the amendment removes the grounds for Hewitt's appeal. In applying the Guidelines, we look to the Guideline provisions in effect at the time of sentencing. *See* 18 U.S.C.

§ 3553(a) (1988) ("The court, in determining the particular sentence to be imposed, shall consider ... (4) the kinds of sentence and the sentencing range ... as set forth in the guidelines that are issued by the Sentencing Commission ... and that are in effect on the date the defendant is sentenced").[1] Application notes, such as the one on which Hewitt relies in this appeal, are useful tools in explaining the guidelines they accompany. *See Guidelines Manual* § 1B1.7 (Nov. 1, 1989). Consequently, the minor offense limitation in the application note under the earlier section 4B1.3 remains pertinent for the purpose of this appeal.

■ We note at the outset that a plain reading of the then-existing section 4B1.3 does not settle the matter. Depending upon how one reads the application note, the minor offense language could support either side's position. As Hewitt argues, the minor offense language may refer to the "independent offenses" that, the application note observes, may form a pattern of criminal conduct, thus defining what may not constitute a pattern of criminal conduct. Or, as the Government argues, the minor offense language may refer back to the guideline itself, thereby confining the type of offense subject to conviction which may be adjusted upward when part of a pattern of criminal conduct. Notwithstanding this ambiguity, we find that the latter is the more plausible conclusion.

Although Hewitt's argument vents a valid concern that a court might excessively elevate a defendant's sentence by construing several innocuous prior offenses as a pattern, other language in the 1988 version of section 4B1.3 already addresses this danger. Section 4B1.3 requires the defendant to derive "a substantial portion of his income" from the pattern of criminal conduct. The November 1989 amendment to section 4B1.3 replaced this language with the requirement that the pattern of crimi-

nal conduct be "engaged in as a livelihood," defined to mean that the criminal conduct be the defendant's primary occupation over a twelve-month period and that it yield at least 2,000 times the federal minimum wage over that time. *See Guidelines Manual* § 4B1.3 & application note 2 (Nov. 1, 1989). In so doing, the amendment was intended to clarify that the "substantial portion of income" provision under the earlier version of section 4B1.3 required a substantial income in absolute terms. *See United States v. Cianscewski*, 894 F.2d 74, 77–79 (3d Cir.1990).

The requirement that the Government prove that the requisite pattern of criminal conduct yield a substantial illicit income ensures that a Guideline offense level will not be raised under section 4B1.3 unless the defendant has engaged in a pattern of *significant* criminal conduct. Consequently, the need for Hewitt's proposed interpretation of the minor offense limitation, which similarly aims to prevent a substantial sentence increase under section 4B1.3 based on a pattern of non-serious criminal conduct, becomes superfluous. Under the Government's reading of the minor offense limitation, by contrast, the provision serves a function not assumed by any other provision of section 4B1.3, confining the type of offenses subject to conviction which may be adjusted upward when part of a pattern of criminal conduct. Given a choice between Hewitt's interpretation of the minor offense limitation, which essentially is duplicative of another provision of section 4B1.3, and the Government's interpretation, which is not, we believe that the Sentencing Commission must have intended the latter.

Because we find that the minor offense limitation under the application note to the 1988 version of section 4B1.3 does not limit the type of criminal conduct which may be considered as part of a pattern of criminal conduct, we have no occasion to consider

---

1. By the same token, we recognize that in some circumstances an amendment to an applicable guideline or application note following a defendant's sentencing may help clarify, rather than alter, the Sentencing Commission's initial intent and thus may assist in interpreting a guideline as it read at the time of sentencing. *See, e.g., United States v. Cianscewski,* 894 F.2d 74, 78 (3d Cir.1990).

Hewitt's argument that the 1976 incident involving stolen credit cards was minor.

As pertains to Hewitt's remaining arguments—first, that the evidence did not support a finding of his having engaged in a pattern of criminal conduct and, second, that he did not derive a substantial income from his pattern of criminal conduct—we cannot say that the district court's findings were clearly erroneous on either count. *See* 18 U.S.C. § 3742(e) (1988). Accordingly, we dispose of these arguments on the strength of the district court's opinion. *See* 719 F.Supp. at 201.

Judgment affirmed.