**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard D. PEDRIOLI,**
**Defendant–Appellant**
**(Two Cases).**

**Nos. 89–10634, 90–10008.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1991.

Decided April 22, 1991.

---

James R. Homola, Fresno, Cal., for defendant-appellant.

Jonathan Conklin and Carl Blackstone, Asst. U.S. Attys., Fresno, Cal., for plaintiff-appellee.

Before FLETCHER, NORRIS and TROTT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellant pled guilty to one count of smuggling handguns into the Philippines in violation of 22 U.S.C. § 2778. While he was out on bail awaiting sentencing, he was again caught smuggling guns. A separate indictment was brought for this second smuggling attempt to which appellant also pled guilty. The indictments were consolidated for sentencing and appellant was given consecutive sentences. He appeals, claiming that he should have received overlapping sentences.

It is undisputed that the guidelines required appellant's sentences to overlap (*see* U.S.S.G. § 5G1.2 and § 3D1.2); the question is whether the district court none-

theless retained discretion to give consecutive sentences. Although appellant argues that the guidelines absolutely restrict the district court's discretion in this instance, we have already determined that the district court retains discretion under 18 U.S.C. § 3584(a) to sentence either concurrently or consecutively despite the guidelines. *United States v. Wills,* 881 F.2d 823 (9th Cir.1989).[1]

■ The more difficult question is whether a district court is obliged to follow the usual procedures for departing from the guidelines when it elects to use its discretion under § 3584(a) to diverge from the guidelines' recommendations.[2] We hold, in accord with several other circuits, that district courts must follow the usual departure procedures. *See United States v. Stewart,* 917 F.2d 970 (6th Cir.1990); *United States v. Miller,* 903 F.2d 341 (5th Cir.1990); *United States v. Rogers,* 897 F.2d 134 (4th Cir.1990); *United States v. Fossett,* 881 F.2d 976 (11th Cir.1989).[3]

Requiring the district court to follow the guidelines' own procedures for departure harmonizes the statutory structure. 18 U.S.C. § 3584(a), which authorizes a sentencing court to impose sentences either consecutively or concurrently, requires the court to consider the factors listed in 18 U.S.C. § 3553(a). Section 3553(a), in turn, requires the court to consider the nature of the offense, the history of the offender, the need to promote respect for law, the need to deter unlawful conduct, the need to provide rehabilitation, the need to avoid un-

1. *United States v. Brady,* 928 F.2d 844 (9th Cir. 1991), does not change this rule. While *Brady* reversed a district court's imposition of consecutive sentences, it did so because the district court's departure from guideline practice was unexplained and "unreasonable," not because the district court lacked authority to depart from the guidelines and impose consecutive sentences.

2. The guideline procedures for departure require that the district court specify the ground for its decision on the record, that the court make accurate findings of fact as to that ground, that the ground for departure be based on reasonable factors not considered by the guidelines, and that the extent of the departure be reasonable. *See* 18 U.S.C. § 3553(b) and (c);

U.S.S.G. § 5K; *United States v. Lira–Barraza,* 897 F.2d 981, 983–86 (9th Cir.1990), *reh. granted en banc,* 909 F.2d 1370 (1990).

3. Three circuits have suggested in dicta that the district court's discretion under § 3584(a) is not bounded by the usual procedures for departure from the guidelines. Insofar as they take this position, we respectfully differ. *See United States v. Nottingham,* 898 F.2d 390, 395 (3d Cir.1990) (dicta distinguishing *Fossett* ); *United States v. Schmude,* 901 F.2d 555, 561 (7th Cir. 1990) (dicta assuming absolute discretion); *United States v. Smitherman,* 889 F.2d 189, 191 (8th Cir.1989) (departure is possible, but court must consider the seven factors enumerated in 3553(a)), *cert. denied,* —— U.S. ——, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990).

warranted disparities, and the guidelines and policy statements of the Sentencing Commission. The statutory reference to the guidelines thus incorporates the guidelines' own procedures for departing from guideline recommendations. *See* U.S.S.G. § 5K; *accord, Rogers,* 897 F.2d at 137.

An important advantage of this reading of § 3584(a) is that it avoids a "loophole" which the district courts might use to second-guess the Sentencing Commission. The guidelines require that any departure from the recommended sentencing range be based on a factor not taken into account by the Commission. If the district court's discretion under § 3584(a) were "almost absolute," as the government argues, the court would be free to ignore the sentence recommended by the guidelines even in the absence of a factor that the Commission failed to consider. Reading § 3584(a) to provide the district court with absolute discretion to ignore the guidelines would thus render nugatory the guidelines' recommendations as to when sentences should run concurrently or consecutively. It would also work to reintroduce sentencing disparities that the guidelines seek to reduce. In light of the fact that § 3584(a) was passed along with the enabling legislation for the guidelines, we should not presume that Congress intended that section to provide district courts with sentencing discretion to ignore the guidelines.

■ We remand the case to the district court for resentencing, noting that some of the factors considered by the district court in giving consecutive sentences in this case might not be appropriate grounds for departure because they were already considered by the guidelines. For example, the fact that the second smuggling attempt was committed while appellant was on bail from the first was taken into account by the addition of three points to appellant's offense level. The district court may, of course, find other factors in the record making departure from the guidelines' recommendations appropriate. *See United States v. Enriquez–Munoz,* 906 F.2d 1356, 1358 (9th Cir.1990).

Appellant's sentence is VACATED and the case is REMANDED for resentencing.