953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nigel James LAWRIE, Defendant-Appellant.
 No. 90-10426.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1991.*
Decided Jan. 31, 1992.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrie contests the upward departure of six months in the sentence imposed, making a total of twenty-four months. He has served the full twenty-four months and has been released. The fact that he has served the sentence and does not identify any known collateral prejudice he may suffer in the future does not relieve us from considering his challenge to the departure. We must rule on the validity of the sentence even though the appellant has fully served the sentence and cannot identify any specific prejudice he may suffer from his erroneous sentence. United States v. Kincaid, 898 F.2d 110, 112 (9th Cir.1990).
 
 
 3
 Judges Smith and Orrick cited four reasons for departing upward from the applicable Guidelines range: (1) the degree of criminal planning and sophistication; (2) the number of victims and amount of money involved in this and prior schemes; (3) the defendant's prior activities of a similar nature in New Orleans and Great Britain; and (4) the likelihood of defendant engaging in future criminal activities.
 
 
 4
 The degree of planning and sophistication involved in Lawrie's scheme, as well as the number of victims and amount of money, are adequately taken into account by the Guidelines. See U.S.S.G. § 2F1.1(b). Accordingly, they do not provide a valid basis for departure. 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0.
 
 
 5
 We are unable to determine whether the same sentence would have been imposed if the sentencing judges had not considered these improper factors. We must therefore vacate the sentence and remand for resentencing. United States v. Castro-Cervantes, 927 F.2d 1079, 1082 (9th Cir.1991); United States v. Nuno-Para, 877 F.2d 1409, 1414 (9th Cir.1989). On remand, the district court shall also consider whether a departure on the basis that the defendant's criminal history score does not adequately reflect the likelihood of recidivism, pursuant to Guidelines section 4A1.3, can be combined with an enhancement for criminal livelihood under section 4B1.3 without impermissible double counting. See United States v. Hewitt, 719 F.Supp. 199, 202-04 (S.D.N.Y.1989), aff'd on other grounds, 902 F.2d 1082 (2d Cir.1990).
 
 
 6
 VACATED and REMANDED for resentencing.
 
 
 7
 HUG, Circuit Judge, dissenting.
 
 
 8
 I respectfully dissent. The presentence report concluded that Lawrie's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood he would commit other crimes and, on that basis, recommended a criminal history classification of Category IV and the maximum sentence of 24 months, which would be appropriate under that classification. Under the facts of this case, the departure for this reason was clearly justified.
 
 
 9
 Judge Smith and later, on resentencing, Judge Orrick, sentenced Lawrie to the 24 months recommended in the presentence report. Although both judges specified other reasons also justifying the departure, it is clear that the reason specified in the presentence report--the defendant's undisputed criminal history--alone adequately justified the departure. Under the facts of this case, it is clear that the other reasons given by the judges were alternative, not cumulative, reasons for the departure. See United States v. Hernandez-Valenzuela, 932 F.2d 803, 805 (9th Cir.1991). I would affirm.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3