961 F.2d 211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Darnell Gregg ROBINSON, a/k/a Rob, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Darnell Gregg ROBINSON, a/k/a Rob, Defendant-Appellant.
 Nos. 91-5068, 91-5069.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 14, 1992
Decided: May 6, 1992
 
 Charles Edward Vogan, Jr., Norfolk, Virginia, for Appellant.AT1Kenneth E. Melson, United States Attorney, Harvey L. Bryant, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Darnell Gregg Robinson pled guilty to conspiracy to steal government property (18 U.S.C. §§ 381, 641 (1988)) and possession of cocaine with intent to distribute (21 U.S.C. § 841 (1988)). The charges were contained in two separate indictments and Robinson's pleas were entered on different days but, at his request, sentence was imposed in both cases on the same day. In one proceeding, the district court imposed separate, consecutive sentences. Robinson contends on appeal that the district court erred in so doing.[1] For the reasons given below, we vacate the sentences and remand for resentencing.
 
 
 2
 Under United States Sentencing Commission, Guidelines Manual, § 5G1.2(b) (Nov. 1990), when a sentence is imposed on multiple counts, the multiple count rules should be applied and the total punishment should be imposed on each count. The commentary to section 5G1.2 makes clear that the section applies to counts contained in different indictments for which sentences are imposed at the same time. Although 18 U.S.C. § 3584(a) (1988) gives the district court discretion to impose concurrent or consecutive terms of imprisonment when multiple terms of imprisonment are imposed on a defendant at the same time, and this discretion is retained under the guidelines, the district court must follow the procedures for a departure if it disregards the mandate of section 5G1.2. See United States v. Rogers, 897 F.2d 134 (4th Cir. 1990) (conflict between § 3584(a) and section 5G1.3); see also United States v. Pedrioli, 931 F.2d 31 (9th Cir. 1991) (following Rogers-conflict between § 3584 and section 5G1.2).
 
 
 3
 In response to the defense argument that the two counts should be combined for sentencing, the district court ruled that the counts were unconnected. The discussion and the court's ruling appear to focus on whether the counts were closely-related and thus could be placed in a single group under section 3D1.2.[2] That is a different matter from the requirement of section 5G1.2 to apply the multiple count rules and impose concurrent sentences when a defendant is sentenced on more than one count at the same time.
 
 
 4
 We therefore vacate the sentences and remand the case for resentencing. On remand, the district court should either impose sentence under the multiple count rules of Chapter Three, Part D, or reimpose separate, consecutive sentences by departing if it identifies grounds for a departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED FOR RESENTENCING
 
 
 [1]
 The separate cases were consolidated on appeal
 
 
 [2]
 In her addendum to the presentence report, the probation officer calculated the guideline range for a combined sentence under section 3D1.2. She placed each count in a separate group