983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James David WILSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James David WILSON, Defendant-Appellant.
 Nos. 90-50060, 90-50115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, James Wilson appeals from his sentences imposed following guilty pleas to five counts of bank robbery in violation of 18 U.S.C. § 2113(a). Wilson was indicted and convicted for robberies which occurred in separate jurisdictions, and he contends that the district court abused its discretion by imposing consecutive sentences after his convictions had been consolidated for sentencing. Wilson argues that the district court should have calculated a single combined offense level for all five counts of conviction. We have jurisdiction under 28 U.S.C. § 1291 and we vacate the sentences and remand for resentencing.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Strandberg, 952 F.2d 1149, 1151 (9th Cir.1991).
 
 
 4
 The Guidelines provide that the district court must calculate a single "combined" offense level and guideline range for a defendant convicted of multiple offenses.[1] U.S.S.G. Ch. 3, Pt.D, intro. comment. U.S.S.G. § 5G1.2 applies on its face to multiple counts of conviction, and the commentary specifies that it applies to multiple counts whether contained in a single indictment or information or "contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding." U.S.S.G. § 5G1.2, comment. (1989)[2]
 
 
 5
 When imposing sentence for multiple convictions pursuant to section 5G1.2, the district court retains discretion under 18 U.S.C. § 3584(a) to impose concurrent or consecutive sentences. United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991); United States v. Wills, 881 F.2d 823, 827 (9th Cir.1989). Nonetheless, where application of the Guidelines would require the sentences to overlap, the district court must follow the usual procedures for upward departure from the guideline range before imposing consecutive sentences. Pedrioli, 931 F.2d at 32-33; see United States v. Lail, 963 F.2d 263, 264 (similarly, concurrent sentences imposed where the Guidelines call for consecutive sentences must be supported by basis for downward departure).
 
 
 6
 Here, on April 21, 1989, Wilson was indicted in the Central District of California for 13 bank robberies and one attempted robbery. Following his arraignment, he escaped from custody and committed another bank robbery in the Eastern District of Louisiana, for which he was charged by information after his apprehension in August 1989. Wilson entered into a plea agreement with the government, pursuant to which he agreed to plead guilty to the Louisiana information and four counts of the California indictment while the government agreed to consolidate the two cases and to dismiss the remaining ten counts in the California indictment.[3] Jurisdiction over the Louisiana case was transferred to the Central District of California. Wilson entered guilty pleas as specified in the agreement, and the two cases were consolidated for sentencing. Pursuant to U.S.S.G. Ch. 3 Pt.D., the district court calculated a single combined offense level for the four counts of the California indictment and imposed a sentence of 71 months incarceration, the top of the resulting guideline range. The district court calculated a separate offense level and range for the Louisiana conviction, and imposed 46 months incarceration in that case. The terms were ordered served consecutively.
 
 
 7
 At sentencing, the district court ruled that the multiple counts provision did not apply to the Louisiana conviction, stating that because there were two separate cases involved, "[t]he factual scenario bringing forth Mr. Wilson's situation to this Court is entirely different. And that, perhaps, was envisioned by the Sentencing Commission." The district court's assumption is contradicted by the post-1989 Guidelines commentary, which contemplates application of the multiple counts provision to counts contained in separate indictments. See U.S.S.G. § 5G1.2, comment.[4] Accordingly, we vacate the sentences and remand for the district court to resentence Wilson in accordance with Chapter 3, Part D and section 5G1.2. See Pedrioli, 931 F.2d at 32-33.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Only convictions under statutes which mandate imposition of a consecutive sentence are excepted from this rule. U.S.S.G. §§ 3D1.1, comment. (n. 1) and 5G1.2; see, e.g., 18 U.S.C. § 924(c)
 
 
 [2]
 This language was added to section 5G1.2 in an amendment effective November 1, 1989 in order "to clarify that this guideline applies in the case of separate indictments that are consolidated for purposes of sentencing." U.S.S.G. App.C, p 288 (1989). Although Wilson was sentenced on February 1, 1990, he was sentenced in accordance with the Guidelines in effect on the dates of his offenses due to a disadvantageous change in the base offense level for robbery. See United States v. Sweeten, 933 F.2d 765, 772 (9th Cir.1991) (per curiam). Nonetheless, Amendment 288 is illuminating as it merely clarifies section 5G1.2 and is not inconsistent with the earlier version of the commentary to that section
 
 
 [3]
 The plea agreement allowed Wilson to consolidate conviction and sentencing on the California indictment and the Louisiana information so that he would not qualify for career offender status in either case
 
 
 [4]
 Despite conceding that U.S.S.G. § 5G1.3 ("Imposition of a Sentence on a Defendant Serving an Unexpired Term of Imprisonment") is inapplicable, the government has suggested that we ignore the expressly applicable language in section 5G1.2 in favor of applying the "intent" of the Guidelines as illustrated by section 5G1.3. We fail to see the logic of this suggestion