21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael P. LAWTON, Defendant-Appellant.
 No. 93-30314.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Michael Lawton appeals the district court's imposition of consecutive sentences for his convictions of manufacturing marijuana and importation of obscene material. We have jurisdiction over the timely appeal pursuant to 18 U.S.C. Sec. 3742(a)(1) and 28 U.S.C. Sec. 1291.
 
 
 3
 Lawton pleaded guilty to manufacturing marijuana in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B) and importation of obscene material in violation of 18 U.S.C. Sec. 1462. He was sentenced to a term of 71 months imprisonment for the marijuana manufacturing conviction, to run consecutive to 12 months imprisonment for the importation of obscene material conviction.
 
 
 4
 Both Lawton and the United States, the appellee, are in agreement that the district court erred in imposing consecutive sentences. We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 5
 Lawton's adjusted offense level for the marijuana manufacturing conviction is 25.[1] The offense level for the importation of obscene material charge is 10. The Sentencing Guidelines require a court to determine a defendant's "combined offense level." See U.S.S.G. Sec. 3D1.1. Under the formula in Sec. 3D1.4, Lawton's adjusted combined offense level is 25. See U.S.S.G. Sec. 3D1.4(c) (instructing court to disregard any Group of convictions that is nine or more levels less serious than the Group with the highest offense level). The Guidelines range for that offense level is 57-71 months.[2] See U.S.S.G. Sec. 5A.
 
 
 6
 Section 5G1.2(c) provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then sentences on all counts shall run concurrently." U.S.S.G. Sec. 5G1.2(c). "Total punishment" is determined by the "adjusted combined offense level." U.S.S.G. Sec. 5G1.2, comment. Applying Sec. 5G1.2, we have held that consecutive sentences are generally imposed if " 'no count carries an adequate statutory maximum' to contain the sentence prescribed by the adjusted combined offense level." United States v. Brady, 928 F.2d 844, 850 (9th Cir.1991). We have also held that a district court must follow the usual departure procedures if it chooses to depart from the recommended Guidelines range. United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991).
 
 
 7
 In this case, the Guidelines range for Lawton, 57-71 months, was well below the statutory maximum, 40 years, for his marijuana manufacturing conviction. The range was adequate to achieve "total punishment." Since the district court failed to follow the procedures for departing upward, consecutive sentences should not have been imposed.
 
 
 8
 We VACATE Lawton's sentence, and REMAND the case for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may note be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 His base offense level was 26. He received a three level deduction for acceptance of responsibility and a two level enhancement for possession of firearms. Thus his adjusted offense level on the marijuana charges was 25
 
 
 [2]
 Lawton's criminal history category is "I"