62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Earl BOSLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Earl BOSLEY, Defendant-Appellant.
 Nos. 94-10418, 94-10421.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated criminal appeals, David Bosley appeals his sentence. Bosley contends the district court erred by ordering that his two federal sentences run consecutively, and the government concedes the error. We vacate the sentence and remand for resentencing. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 3
 In September 1991, Bosley stole a jeep from an Army recruiting station. The Army had left the keys and a government credit card in the jeep.
 
 
 4
 Two months later, Georgia officials arrested Bosley after he took a car on a test drive and failed to return it. In September 1992, he was sentenced to 48 months on that charge. While awaiting transport to prison, however, Bosley escaped. He took the government credit card with him.
 
 
 5
 In subsequent months, Bosley purchased over $15,000 worth of merchandise on the credit card. He was finally arrested in 1993.
 
 
 6
 The government charged Bosley in separate indictments for the theft of the jeep and the theft of the credit card. Bosley entered a guilty plea. In the plea agreement, the government promised to recommend "a binding cap sentence of the guideline range as determined by U.S. Probation."
 
 
 7
 The presentence report grouped the two theft charges because they involved the same victim and the two acts were part of a common scheme, U.S.S.G. Sec. 3D1.2(b), and the offense level was determined largely on the aggregate loss, Sec. 3D1.2(d). The applicable guideline range was 8 to 14 months.
 
 
 8
 At the sentencing hearing, the district court imposed 14 months on the jeep charge and 14 months on the credit card charge. The court went on to state that "[s]aid sentences to run consecutively and concurrently with the -- any sentence that might be imposed by the State of Georgia on pending charges there." The written judgment stated that the sentence on the credit card theft was 14 months. The written judgment continued, "[t]he sentence imposed to run or be served consecutive to the sentence imposed in" the jeep theft case, "and concurrently with any sentence imposed in the State of Georgia."
 
 
 9
 On appeal, Bosley argues, and the government agrees, that the court erred by imposing consecutive sentences on the two federal charges.[1] We agree. The counts were properly grouped and therefore should have run concurrently. See U.S.S.G. Sec. 3D1.2; United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir. 1991).[2]
 
 
 10
 Although the parties agree that the federal sentences should run concurrently, they dispute whether the federal sentences should run consecutively to the Georgia charges under the Sentencing Guidelines. We leave the issue for the district court on remand. United States v. Burns, 894 F.2d 334, 337 (9th Cir. 1990) (per curiam) (although U.S.S.G. Sec. 5G1.3 purports to require concurrent or consecutive sentences in certain situations, it is subservient to 18 U.S.C. Sec. 3584(a) which makes the decision whether to impose a consecutive or concurrent sentence to an unexpired state sentence a matter of the district court's discretion); United States v. Wills, 881 F.2d 823, 825-26 (9th Cir. 1989) (same). In addition, we are unable to discern from either the oral pronouncement of sentence or the written judgment whether the district court was referring to the car theft charge, Wills, 881 F.2d at 825 (district court has discretion to impose consecutive or concurrent sentence to an unexpired state sentence), or the pending escape charge, United States v. Neely, 38 F.3d 458, 460-61 (9th Cir. 1994) ("a federal court does not acquire discretion to impose a concurrent sentence until the defendant has been sentenced by another court").
 
 
 11
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Bosley did not object to the district court's oral pronouncement of sentence. We address the issue because it is a question of law and the government concedes the error, making the resolution of the issue clear. See United States v. Mun, 41 F.3d 409, 412-13 (9th Cir. 1994) (considering defendant's argument regarding consecutive sentencing under U.S.S.G. Sec. 5G1.3 for first time in a collateral proceeding because pure question of law and resolution of issue was clear), cert. denied, 115 S. Ct. 1722 (1995). We review the district court's application of the Guidelines de novo. United States v. Bernard, 48 F.3d 427, 430 (9th Cir. 1995)
 
 
 [2]
 Although the district court retains the discretion to impose consecutive sentences even when the Guidelines group the offenses, the district court must follow the normal departure procedures. Pedrioli, 931 F.2d at 32