95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher D. SAMANIEGO, Defendant-Appellant.
 No. 95-30260.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Christopher Samaniego appeals his sentence imposed following entry of a guilty plea to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and using and carrying a firearm, in violation of 18 U.S.C. § 924(c). Samaniego contends that the district court erred by ruling that his sentence be served consecutive to a prior unrelated state sentence. Because the district court's decision was a discretionary refusal to depart downward under the guidelines, we dismiss the appeal.
 
 
 3
 "Under the Sentencing Guidelines, if a defendant commits an offense while serving an undischarged term of imprisonment, consecutive terms are appropriate." U.S.S.G. § 5G1.3(a); United States v. Lail, 963 F.2d 263, 263 (9th Cir.1992) (per curiam).[1] Although this provision appears to require consecutive terms, the district court retains the discretion to order a concurrent term under 18 U.S.C. § 3584(a). See United States v. Wills, 881 F.2d 823, 826 (9th Cir.1989).[2] In exercising discretion under section 3584(a), "district courts must follow the usual departure procedures." United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991).
 
 
 4
 The guideline procedures for departure require that the district court specify the ground for its decision on the record, that the court make accurate findings of fact as to that ground, that the ground for departure be based on reasonable factors not considered by the guidelines, and that the extent of the departure be reasonable.
 
 
 5
 Id. at 32, n. 2.
 
 
 6
 Under the Guidelines, Samaniego should be sentenced to consecutive terms. See U.S.S.G. § 5G1.3(a). However, the district court had the discretion to order concurrent terms under section 3584(a). See Lail, 963 F.2d at 264. Exercising such discretion would constitute a departure from the guidelines and would have to conform with the requirements outlined in Pedrioli. See id.; Pedrioli, 931 F.2d at 32.
 
 
 7
 The record reveals that the district court knowingly declined to exercise its discretion to depart from the Sentencing Guidelines. Accordingly, we lack jurisdiction to review this decision. See id. (a sentencing court's decision not to depart is not reviewable unless the decision resulted from a legal determination that the guidelines prevented departure).
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 1 U.S.S.G. § 5G1.3(a) provides:
 If the instant offense was committed while the defendant was serving a term of imprisonment ... or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
 
 
 [2]
 Section 3584(a) addresses imprisonment for multiple sentence providing in relevant part that:
 [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively ... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
 18 U.S.C. § 3584(a).