107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin A. HORN, Defendant-Appellant.
 No. 95-30155.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10,1997.
Decided Feb. 3, 1997.
 
 Before: WRIGHT, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Horn entered a plea of guilty to three counts of bank fraud in violation of 18 U.S.C. § 1344. At the time of sentencing, Horn was serving a three-year state sentence for criminal possession of a forged instrument. The district court sentenced him to 14 months, to be served consecutively to his undischarged state sentence.
 
 
 3
 Horn argues that his sentence should run concurrently to his state sentence. The district court relied on U.S.S.G. § 5G1.3(c), p.s., to impose a consecutive sentence. Horn contends that the district court erred in choosing not to apply U.S.S.G. § 4B1.3, and that if it had, U.S.S.G. § 5G1.3(b) would have required his sentence to run concurrently to his undischarged prison term.
 
 
 4
 Section 5G1.3(b) of the Guidelines mandates a concurrent sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b) (version in force at time of Horn's sentencing in May of 1995, as amended effective November 1, 1992; see U.S.S.G.App.C, am. 465).
 
 
 5
 On appeal, the government acknowledges that a correct application of the Guidelines would have required the court to impose a concurrent sentence, and that the court could only diverge from this Guideline recommendation by following the usual procedures for departing from the Guidelines. The government concedes that application of the criminal-livelihood enhancement found in U.S.S.G. § 4B1.3[1] would have triggered the application of § 5G1.3(b), since Horn's state offense thus would have been "fully taken into account in the determination of the offense level." Id. Nonetheless, the government seeks to uphold the district court's decision by arguing that the court here did follow the usual procedures for a departure.
 
 
 6
 We hold that the district court's decision cannot be reviewed as a decision to depart. A district court does have authority to depart by imposing a consecutive sentence where the Guidelines mandate a concurrent sentence. 18 U.S.C. § 3584; United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991). However, the district court's decision here cannot be reviewed as a decision to depart because the court imposed the sentence under the erroneous legal belief that it was free not to apply the criminal-livelihood enhancement (U.S.S.G. § 4B1.3) even if it found the enhancement to be warranted by the facts of the case. If § 4B1.3 had been considered and applied, § 5G1.3(b) would also have applied, thus requiring the court to impose a concurrent sentence.[2]
 
 
 7
 The district court did not recognize that it was in fact obligated, absent a determination to depart, to impose a concurrent sentence under § 5G1.3(b). The court did not mention the word "departure" in articulating its decision to impose a consecutive sentence; instead, it described it as an exercise of its discretion under § 5G1.3(c). In addition, the usual procedures for departing were not followed by the court. For example, the court did not explain how the circumstances on which it relied to "depart" were "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); Pedrioli, 931 F.2d at 33.
 
 
 8
 The government's reliance on United States v. Redman, 35 F.3d 437 (9th Cir.1994), cert. denied, 115 S.Ct. 922 (1995), to assert that the district court's decision may be reviewed as a departure decision, is misplaced. In Redman, because of the quasi-mandatory nature of § 5G1.3(c), we held that a district court's considered decision not to follow that provision did not require a "formal departure decision." Id. at 440-42 (§ 5G1.3(c) not "as mandatory as most guideline provisions"). Unlike Redman, the instant case involves a departure from § 5G1.3(b), a mandatory provision of the Guidelines. Therefore, Pedrioli controls, and the district court was required to employ departure procedures if it wanted to stray from § 5G1.3(b)'s mandate. Pedrioli, 931 F.2d at 32-33.[3]
 
 
 9
 As noted above, the district court did not realize it was obligated to apply the criminal-livelihood enhancement found in U.S.S.G. § 4B1.3 if it found the facts to warrant its application. The district court based its decision not to apply the criminal-livelihood enhancement on its belief that such application would have prevented it from departing upward from the criminal history category that otherwise would have applied to Horn. The court reasoned that applying § 4B1.3 and then departing upward would constitute impermissible double-counting and, since it had to choose anyway, decided to exercise its discretion against the application of § 4B1.3 and in favor of departing upward, under U.S.S.G. § 4A1.3(e), from the recommended level II criminal history category to level IV.
 
 
 10
 Where a departure might be inappropriate because the harm it targets would be adequately accounted for by an applicable mandatory enhancement, the court should opt for the enhancement instead of artifically creating the need for a departure by ignoring the relevant enhancement. See e.g., United States v. Hewitt, 719 F.Supp. 199, 200 (S.D.N.Y.1989) (after applying criminal-livelihood enhancement, criminal history departure would be "inappropriate," as it would "unfairly penalize the defendant"), aff'd on other grounds, 902 F.2d 1082 (2nd Cir.1990). It is a fundamental principle of the Guidelines scheme that departures are supposed to account for unusual situations not covered by the Guidelines' provisions. 18 U.S.C. § 3553(b); Koon v. United States, 116 S.Ct. 2035, 2044-45 (1996). As we said in Pedrioli, the Guidelines must be interpreted to avoid
 
 
 11
 'loophole[s]' which the district courts might use to second-guess the Sentencing Commission. The guidelines require that any departure from the recommended sentencing range be based on a factor not taken into account by the Commission.
 
 
 12
 Pedrioli, 931 F.2d at 33. In this case, the court departed upwards on the basis of an under representation of Horn's criminal history without first considering the potential applicability of an enhancement. In so doing, the court erred because the harm addressed by the under representation of Horn's criminal history could have been, at least partially, addressed by applying the criminal-livelihood enhancement.
 
 
 13
 Whether in fact, after applying § 4B1.3, an upward departure for under representation of criminal history under § 4A1.3(e) would be warranted, or would constitute double counting (as the district court believed), are questions that we need not resolve. On remand, the district court will have the opportunity to consider whether, in light of the overlapping purposes served by both provisions, an upward departure under § 4A1.3(e) would still be warranted after applying § 4B1.3. If the court finds that it would be, it can then address whether such a departure would be foreclosed by the double-counting principle.
 
 
 14
 Horn's sentence is vacated and the case is remanded for resentencing. On remand, the district court must apply § 4B1.3, unless it finds that its application would not be factually supported. If it does apply § 4B1.3, the sentence must run concurrently under § 5G1.3(b), unless the court finds that a departure is warranted. In the event the district court decides to depart, it should follow the usual departure procedures established for that purpose. Pedrioli, 931 F.2d at 32; 18 U.S.C. § 3553(b) & (c). If the district court decides to depart from a concurrent sentence, it has authority to impose a partially consecutive sentence to achieve a reasonable incremental punishment; it is not constrained to impose a totally consecutive or a totally concurrent sentence when departing from § 5G1.3(b).[4]
 
 
 15
 Sentence VACATED and the case REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This enhancement is applicable if "the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood." U.S.S.G. § 4B1.3
 
 
 [2]
 To support his contention that the district court erred in imposing a consecutive sentence, Horn advanced the alternative argument that a previous version of § 5G1.3(c), allegedly in force at the time he committed the instant offense, should have been applied. However, in light of our conclusion that the district court erred in not making a determination as to the applicability of § 4B1.3 before deciding whether § 5G1.3(b) (as opposed to § 5G1.3(c)) applied, we need not consider this argument
 Likewise, in light of our decision to remand for consideration of whether a consecutive sentence would be proper under a correct interpretation of the Guidelines, we need not consider Horn's assertion that the district court, in deciding both to impose a consecutive sentence and take into account his state sentence in computing his criminal history category, engaged in impermissible double-counting.
 
 
 [3]
 The government contends that the factor used by the district court to depart--if sentenced concurrently, Horn would not serve any time for the federal offense--was not taken into account by the Sentencing Commission and thus justified a departure in this case. However, as noted above, since the court did not realize it was departing, its decision cannot be reviewed in departure terms. On remand, the district court will be free to address the validity of the government's contention
 
 
 [4]
 Although § 5G1.3(c) did not expressly contemplate the imposition of partially concurrent sentences at the time Horn was sentenced, the district court still has authority to impose such a sentence as an exercise of its discretion to depart from § 5G1.3(b). The role of § 5G1.3(c) in the event of such a departure would be merely advisory because that provision would not be applicable on its terms (§ 5G1.3(b) would apply instead) and therefore would be relevant only as a guide to the court's discretion in departing from § 5G1.3(b). In any event, § 5G1.3(c) did not prohibit partially concurrent sentences at the time of Horn's sentencing and currently allows them expressly