**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Christopher Eric MCNEIL, aka Joseph Albert Stewart, Jr.; aka James Joseph McUllough; aka Kevin Michael Shaw; aka Kevin Francis Salmon; aka Ian Philip Creeden, Defendant—Appellant.**

No. 00–30401.

D.C. No. CR–00–00007–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2001.*

Decided Oct. 5, 2001.

* The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

Defendant Christopher Eric McNeil appeals the sentence imposed by the district court following his guilty plea to violations of 18 U.S.C. § 922(i) (interstate transportation of a stolen firearm) and 18 U.S.C. § 1028(a)(3) (identification document fraud).

McNeil first contends that the district court clearly erred in imposing the specific offense characteristic in U.S.S.G. § 2F1.1(b)(6)(A), which allows a sentencing court to increase the offense level by two levels if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." The parties agree that to impose the enhancement of § 2F1.1(b)(6), the court must find that the defendant: (1) relocated from one jurisdiction to another; (2) moved a fraudulent scheme; and (3) did so for the purpose of evading law enforcement or regulatory officials. The district court applied these elements and its factual findings are not clearly erroneous. *See United States v. Mezas de Jesus*, 217 F.3d 638,

642 (9th Cir.2000) (district court's factual findings at sentencing are reviewed for clear error).

McNeil next contends that the district court abused its discretion by imposing consecutive, rather than concurrent, sentences. A sentencing court has the power to impose either concurrent or consecutive sentences in a multiple-count case. 18 U.S.C. § 3584(a). Although U.S.S.G. § 5G1.2(d) establishes a concurrent sentencing structure for multiple-count convictions, the district court may deviate from this structure if circumstances warrant it. 18 U.S.C. § 3553(b). The district court is required to consider and harmonize U.S.S.G. § 5G1.2(d), 18 U.S.C. § 3584(a), and 18 U.S.C. § 3553(a). *United States v. Pedrioli*, 931 F.2d 31, 32–33 (9th Cir.1991); *see also United States v. Scarano*, 76 F.3d 1471, 1479 (9th Cir.1996) (holding that "lengthy criminal history" and "lack of reformation" are relevant factors under 18 U.S.C. § 3553(a)). We have held that "the district court retains discretion under 18 U.S.C. § 3584(a) to sentence either concurrently or consecutively despite the guidelines." *Pedrioli*, 931 F.2d at 32 (citation and footnote omitted). The district court methodically discussed and applied each of the relevant factors listed in 18 U.S.C. § 3553(a). *See* ER 95, 100–104. The district court did not abuse its discretion in imposing consecutive sentences.

Finally, McNeil contends that the district court's factual findings were insufficient to support a $10,000 fine. The Sentencing Guidelines require the district court to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

able to pay any fine." U.S.S.G. § 5E1.2(a). District courts must also consider a defendant's ability to pay the fine and any burden imposed on the defendant and his or her dependents by the imposition of the fine. U.S.S.G. § 5E1.2(d)(2)-(3). Here, with McNeil's total offense level at 20, the Sentencing Guidelines provided a range of $7,500 to $75,000 for the applicable fine. U.S.S.G. § 5E1.2(c)(3). The $10,000 fine imposed by the district court fell within this range and near its lower end. McNeil made no showing of financial burden or inability to pay such fine before or during the sentencing hearing. To the contrary, the presentence report indicated that McNeil owns real property in North Dakota valued at over $9,000 and that he maintains an account at a brokerage house. This account generated $3,466 in interest, capital gains, and dividends in 1999. The district court did not clearly err in imposing a $10,000 fine.

**AFFIRMED.**