NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10337 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00006-FMTG-1 |
| v. | |
| EVAN DANIEL MONTVEL-COHEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted February 15, 2024[**]
Honolulu, Hawaii

Before:  PAEZ, M. SMITH, and KOH, Circuit Judges.

Evan Montvel-Cohen appeals the district court's imposition of consecutive sentences on the two counts to which he pleaded guilty.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and remand for resentencing.

The U.S. Sentencing Guidelines provide that when a defendant is to be sentenced on multiple counts, the district court "shall determine the total punishment and shall impose that punishment on each such count, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(b). Although the district court never expressly articulated what it concluded Montvel-Cohen's total punishment should be, the guideline range was determined to be 33 to 41 months for both counts.[1] The Sentencing Guidelines further provide that "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, *then the sentences on all counts shall run concurrently*, except to the extent otherwise required by law." *Id.* § 5G1.2(c) (emphasis added). Notwithstanding this provision, the district court imposed a 41-month sentence on each of Montvel-Cohen's two counts and set those sentences to run consecutively, for a total sentence of 82 months.

Montvel-Cohen contends that the court's decision to run his sentences consecutively, rather than concurrently, was "a simple mistake." We agree. If the district court had decided that Montvel-Cohen's total punishment should be at the high end of the guideline range (i.e., 41 months), then the court should have (1)

---

[1] This guideline range was initially calculated by the U.S. Probation Office in its Pre-Sentence Report. Neither party has argued (either at sentencing or on appeal) that the Report's calculations were incorrect.

"impose[d] that total punishment" on each of the two counts, U.S.S.G. § 5G1.2(b); and then (2) set the sentences on both counts to run concurrently, because the sentence imposed on the bank fraud count (which carries the higher statutory maximum sentence) would have been "adequate to achieve the total punishment," *id.* § 5G1.2(c). Alternatively, if the court instead decided that an 82-month total punishment was appropriate, then it should have sentenced Montvel-Cohen to 82 months on each count and set those sentences to run concurrently. Either way, imposing consecutive sentences was not appropriate under the Sentencing Guidelines because doing so was not "necessary to produce a combined sentence equal to the total punishment." *Id.* § 5G1.2(d).

The government does not meaningfully contest Montvel-Cohen's arguments on appeal and instead maintains that the district court properly applied an upward variance. This position is unpersuasive. Although the guideline ranges are not mandatory, the district court must nevertheless "give serious consideration to the extent of any departure from the Guidelines and must explain [its] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Gall v. United States*, 552 U.S. 38, 46 (2007). A district court's failure to offer an adequate explanation for applying a variance is reversible error. *See, e.g.*, *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030–31 (9th Cir. 2011) (per curiam).

Here, the district court never suggested (let alone expressly stated) that it intended to apply an upward variance. Rather, the district court stated multiple times that it would "stay within the sentencing guidelines." We find nothing else in the record that would allow us to infer that the district court intended to impose an upward variance. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Indeed, the government recommended concurrent 41-month sentences, and the U.S. Probation Office recommended concurrent 36-month sentences. Neither recommended an upward variance. All of this further undermines the government's position.

The government relies heavily on the fact that the district court's Statement of Reasons form indicates that the court applied an upward variance. However, the form simultaneously indicates that the sentence is *within* the guideline range. Both cannot be true, and the form also provides no written explanation stating the basis of any upward variance. Even if the Statement of Reasons form clearly showed that the district court intended to apply an upward variance, this would not relieve the court of its obligation at sentencing to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see United States v. Miqbel*, 444 F.3d 1173, 1179–80 (9th Cir. 2006) (noting that "post hoc reasons provided at a later proceeding cannot be used to satisfy" the requirement that a district court provide reasons for the length of the defendant's confinement "at the

4

time of sentencing").

The district court here was not required to sentence Montvel-Cohen within the guideline range, and it retained discretion to impose consecutive sentences "despite the guidelines." *United States v. Pedrioli*, 931 F.2d 31, 32 (9th Cir. 1991). However, because the record is at best unclear as to whether the district court correctly applied the Sentencing Guidelines, we vacate Montvel-Cohen's sentence and remand for resentencing.[2] *See United States v. Quintero-Leyva*, 823 F.3d 519, 523–24 (9th Cir. 2016) (remanding for resentencing where the record was "unclear as to whether the court considered all the factors" listed in U.S.S.G. § 3B1.2).

**VACATED AND REMANDED.**

---

[2] As in *United States v. Wang*, 944 F.3d 1081 (9th Cir. 2019), we again specifically instruct this district court judge on remand to (1) expressly identify the total punishment applicable to both of Montvel-Cohen's counts; (2) run concurrently the sentences on both counts if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment; and (3) impose consecutive sentences "only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d); *see Wang*, 944 F.3d at 1091. If the district court varies from the guideline range or elects to impose consecutive sentences notwithstanding the Guidelines, it must offer an adequate explanation for doing so.