MEMORANDUM **
We affirm James S. Davis’s conviction and sentence for fraud and carrying a concealed weapon on an airplane. Davis got through security with a handgun underneath his jacket because he impersonated a federal Customs Agent.
Davis challenges the constitutionality of 49 U.S.C. § 46505, relying on District of Columbia v. Heller, — U.S. -, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). The Supreme Court specified that nothing in that opinion was intended to cast doubt on the prohibition of concealed weapons in sensitive places. Id. at 2816-17.
Davis asserts that his pistol was not concealed because he disclosed it during the boarding process. This argument is without merit. A weapon is concealed when it is hidden from sight. United States v. Wallace, 800 F.2d 1509, 1513-14 (9th Cir.1986).
Next, Davis argues that the jury heard insufficient evidence that his fraud was within the F.A.A.’s jurisdiction. Davis himself, however, told the jury about the agency’s regulations. In addition, both the testimony of the airplane captain and the text of the form itself support the jury’s finding. Viewed in the light most favorable to the prosecution, the evidence is sufficient for any rational trier of fact to convict Davis. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The district court sentenced Davis correctly. The cross-reference in U.S.S.G. § 2B1.1(c)(3) is limited to situations where the fi-aud charge proves all the elements of another offense. The charge here does not do so.
Having a gun facilitated Davis’s impersonation of a federal officer. See United States v. Routon, 25 F.3d 815, 819 (9th Cir.1994). The fraud was to get the gun on board, and the gun made it seem more likely that Davis was what he fraudulently pretended to be. The district court did not plainly err in concluding that the fraudulent conduct to get the gun on the plan, and the gun itself, were “in connection with” each other. U.S.S.G. § 2B1.1(b)(12)(B).
Davis’s final contention is that his trial counsel was ineffective for failing to raise these arguments. Because we find the arguments without merit, Davis cannot show any prejudice. Cf. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.