NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCUS DEAN,

Defendant-Appellant.

No. 19-30150

D.C. No. 6:06-cr-00008-CCL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted July 6, 2020[**]
Seattle, Washington

Before: CLIFTON and M. SMITH, Circuit Judges, and DONATO,[***] District
Judge.

Dissent by Judge DONATO.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

Marcus Dean appeals the sentence imposed upon his latest revocation of supervised release. We affirm.

In 2007, Dean was sentenced to three concurrent ten-year prison terms under his three counts of conviction, followed by supervised release for life under Counts 1 and 2 and six years under Count 3. He began supervised release in March 2015. Since then, it has been revoked five times. *See United States v. Dean*, 707 Fed. App'x 915 (2017). While serving his fifth term of supervised release in June 2019, Dean admitted to possession and use of methamphetamine, which resulted in mandatory revocation. Dean was sentenced to a total of 33 months, made up of three consecutive 11-month prison terms, followed by lifetime supervised release under Counts 1 and 2 and 50 months of supervised release under Count 3.

In this appeal, Dean argues that the district court erred in sentencing him on three counts, where, he claims, he was serving a term of supervised release for only one count at the time of his fifth revocation. Dean does not seek vacation and resentencing but instead requests an order discharging him from prison after 24 months (the statutory imprisonment term for revocation of a term of supervised release for a Class C felony under 18 U.S.C. § 3583(e)), with no supervised release to follow. The government responds that Dean's 33-month cumulative sentence is less than the 36-month statutory maximum imprisonment term that Dean faced on

his Class B felonies. 18 U.S.C. § 3583(e). Because Dean did not raise his objections at the time of sentencing, we review for plain error. *See United States v. Wang*, 944 F.3d 1081, 1085 (9th Cir. 2019).

The record does not support Dean's premise that his fifth term of supervised release was lighter than previous terms. On Dean's fourth revocation, following his admission to using heroin only two days after his fourth term of supervised release began, the district court issued a general sentence of 11 months imprisonment followed, as stated by the court, "again," by lifetime supervised release. The district court did not specify the underlying counts on which the fourth revocation sentence was based.[1] There was, however, no indication that the district court intended to reduce Dean's sentence in any way, not surprising given that Dean had violated his conditions of supervised release only two days after that term had started. Where no contrary interpretation was argued below, the district court did not plainly err in effectively construing its fourth revocation sentence as a

---

[1] Though he appealed from that judgment, Dean did not challenge the reimposition of supervised release or the general nature of his sentence. *See Dean*, 707 Fed. App'x at 915.

general sentence for all three counts, rather than a specific sentence for only one, and by imposing a specific revocation sentence as to all three counts.[2]

Even if we adopted Dean's and the dissent's construction of the fourth revocation sentence, there has been no violation of Dean's substantial rights, as required to obtain relief on plain error review. Dean's 50-month term of supervised release on Count 3 runs concurrently with the lifetime terms of supervised release on Counts 1 and 2. Thus, Dean faced no greater term of supervised release than would otherwise be imposed.

Finally, despite arguing otherwise in his briefing, Dean now acknowledges that his three offenses were all Class B felonies. Because the district court could impose a maximum 36-month imprisonment term for the revocation of a term of supervised release for any Class B felony, 18 U.S.C. § 3583(e), the total sentence of 33 months imprisonment similarly would not affect Dean's substantial rights even if his construction of the fourth revocation sentence were adopted. Dean does not raise and thus has waived any other challenges to the district court's sentence,

---

[2]    We do not hold that the district court's fourth revocation sentence had "imposed lifetime supervised release on all three counts," as the dissent argues. While a general sentence of lifetime supervised release on all three counts would include three concurrent supervised release terms, *see* 18 U.S.C. § 3624(e), capped at a "lifetime," a specific "lifetime" term need not be assigned to all three counts. *See, e.g.*, *United States v. Batimana*, 623 F.2d 1366, 1370-71 (9th Cir. 1980) (discussing our "general sentence doctrine").

4

including the *Carty* error that the dissent asserts on Dean's behalf. *United States v. Torres*, 911 F.3d 1253, 1257 n.3 (9th Cir. 2016) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ." (citation omitted)).

**AFFIRMED.**

FILED

AUG 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONATO, District Judge, dissenting:

In my view, the majority opinion adds an unwarranted twist in this already convoluted case. Dean was sentenced for violating the district court's June 2017 criminal judgment, which the majority refers to as the fourth revocation sentence. On its face, that judgment imposed on Dean a single supervised release term of "lifetime," without tethering that to any of the three counts for which Dean was originally convicted and sentenced. That judgment was never appealed, and the government aptly acknowledged that "we are stuck with it."

The unspecified, single lifetime term of supervised release recorded in the June 2017 judgment could not have been a general sentence imposing a lifetime supervised release term on each of Dean's three counts of conviction, as the majority holds. The government itself conceded that the district court could not have imposed lifetime supervised release on all three counts, because that would have exceeded the permissible term of supervised release for at least one of the counts.

In *United States v. Batimana*, 623 F.2d 1366, 1370 (9th Cir. 1980), we noted that "[t]his court has on several occasions expressed disapproval of the failure of the district court to impose separate sentences for each count of a multiple count

1

indictment." *Batimana*, 623 F.2d at 1370 (citations omitted).  While we went on to apply the general sentence doctrine, which permits us to uphold an unspecified sentence "if the conviction is sustainable on any count of the indictment, and the general sentence does not exceed the maximum sentence that could have been imposed on that count," that principle is unhelpful to us here.  *Id.* at 1370-71.  *Batimana* might have helped us affirm the single lifetime term of supervised release on Dean's fourth revocation if the fourth revocation sentence had been appealed.  It does not allow us now, in reviewing his fifth revocation sentence, to multiply the single term of supervised release imposed in the fourth revocation sentence into three.  Consequently, my view is that the district court imposed only one term of lifetime supervised release on Dean in its June 2017 judgment.  Even if that was not intentional, as may be the case, the judgment stands and is not before us for review, or alteration, in this appeal.

Under the standard of review applied by the majority, it was plain error for the district court to impose three separate 11-month custodial sentences for Dean's two admitted violations of supervised release.  It was also error to impose three separate terms of supervised release, two for Dean's lifetime and one for 50 months.  Three sentences on two violations of one term of supervised release does not add up.  We are not helped by the fact that the district court provided virtually

no explanation of its sentencing decision, which is an error in itself. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Dean received three separate terms of imprisonment when he should only have received two, at most. That is a violation of Dean's substantial rights. The government's argument that the sentence should be affirmed because the three 11-month terms are still cumulatively less than the 36-month statutory limit under 18 U.S.C. § 3583(e) is a non-sequitur from the June 2017 judgment. The argument is also not consistent with the fact that the district court referred only to the United States Sentencing Guidelines, and not to the statute, at Dean's sentencing.

Dean's substantial rights were further violated by the district court's imposition of three separate terms of supervised release to follow his time in custody. While it is true that none of the terms could increase the total length of time for which Dean will be on supervised release, *i.e.*, his lifetime, having three concurrent terms instead of one means that a single future violation could result in three separate terms of custody that could be set to run consecutively.

I would find that these errors seriously affect the fairness, integrity, and public reputation of judicial proceedings. *See United States v. Wang*, 944 F.3d 1081, 1085 (9th Cir. 2019) (quoting *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009)). For that reason, in my opinion the district court's sentence should have been vacated and Dean resentenced. I respectfully dissent.