NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-50169 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00899-SVW-1 |
| v. | |
| FRANCISCO ROSALES HERNANDEZ, AKA Francisco Hernandez, AKA Francisco Hernandez-Robles, AKA Francisco Robles, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 14, 2022
Pasadena, California

Before:  RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,[**] District
Judge.

Francisco Rosales Hernandez appeals from the district court's judgment

imposing a sentence of 30 months imprisonment and three years of supervised

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

release.  We affirm.

**1.**  Hernandez contends that the district court committed three procedural errors when imposing the sentence.  Because Hernandez did not raise any of these objections below, we review only for plain error.  *See United States v. Wang*, 944 F.3d 1081, 1085 (9th Cir. 2019).

First, Hernandez contends that the district court erred by failing to calculate the Sentencing Guidelines advisory range.  While Hernandez is correct that the district court is required to "announce the Guidelines range" on the record, *United States v. Jones*, 696 F.3d 932, 938 n.2 (9th Cir. 2012), the court's failure to do so here did not affect Hernandez's substantial rights.  The advisory range of 10–16 months was undisputed, and the court indicated its awareness of this range when it stated that the Guidelines were inadequate to provide deterrence and ensure the safety of the community.

Second, Hernandez contends that the district court failed to give the prosecutor "an opportunity to speak equivalent to that of the defendant's attorney." Fed. R. Crim. P. 32(i)(4)(A)(iii).  This failure likewise did not affect Hernandez's substantial rights.  The government concurred in Hernandez's sentencing recommendation, and the government's position was set forth in its sentencing memorandum.  The court gave the prosecutor an opportunity to respond to its concern about Hernandez's threat to public safety, and Hernandez has not

demonstrated a reasonable probability that he would have received a different sentence if the prosecutor had been afforded more time to speak. *See United States v. Waknine*, 543 F.3d 546, 553–54 (9th Cir. 2008).

Third, Hernandez argues that the district court failed to adequately explain its above-Guidelines sentence. *See* 18 U.S.C. § 3553(c)(2). The court was permitted to consider Hernandez's history of illegal reentry and drunk driving "even though the Guidelines account for these factors." *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). Contrary to Hernandez's contention, the court provided a specific, reasoned explanation for its conclusion that these factors justified departing from the Guidelines advisory range. The court stressed the need for deterrence in light of Hernandez's long history of illegal reentry and noted that his repeated drunk driving posed a significant threat to public safety.

Although the district court failed to address mitigation arguments related to Hernandez's intellectual deficits, its explanation was nonetheless "adequate in context." *United States v. Carter*, 560 F.3d 1107, 1114 (9th Cir. 2009). The court had previously reviewed a psychologist's report describing Hernandez's mental competency and was therefore familiar with his intellectual deficits. The court's remarks at the sentencing hearing also indicate that it considered and rejected the parties' arguments in favor of a lower sentence. *See id.* at 1119. Under these

circumstances, the court's justification for its above-Guidelines sentence was sufficient "to permit meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Finally, Hernandez's first and second procedural claims, considered cumulatively, do not establish a reasonable probability that the district court would have imposed a lower sentence but for the alleged errors. Because we conclude that the district court did not fail to adequately explain its sentence, we do not consider Hernandez's third claim in the cumulative error analysis.

**2.** Hernandez contends that his 30-month sentence is substantively unreasonable. However, we cannot conclude that the district court abused its discretion in imposing this sentence when Hernandez's prior 30-month sentence for illegal reentry had not deterred him from reentering or from continuing to drive under the influence of alcohol and drugs. *See United States v. Burgos-Ortega*, 777 F.3d 1047, 1056–57 (9th Cir. 2015) (holding that a 46-month above-Guidelines sentence for illegal reentry was not substantively unreasonable when the defendant had previously received sentences of 70 months and 46 months for illegal reentry).

**AFFIRMED.**