NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ERIC ANTHONY GALVAN, <br><br> Defendant - Appellant. | No. 24-2659 <br><br> D.C. No. 1:23-cr-00019-FMTG-1 <br><br> MEMORANDUM* |

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted February 14, 2025**
Honolulu, Hawaii

Before: S.R. THOMAS, BRESS, and DE ALBA, Circuit Judges.

Eric Anthony Galvan pled guilty to one count of Unauthorized Access of a

Protected Computer in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii). The

district court sentenced him to 24 months' imprisonment followed by three years

of supervised release and imposed several special conditions of supervised release.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Galvan appeals two computer-related special conditions, alleging that they violate his statutory and constitutional rights. We review the district court's imposition of conditions of supervised release for abuse of discretion. *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

District courts have broad discretion to impose special conditions on supervised release, subject to three primary constraints. "First, the condition must be reasonably related to the nature and circumstances of the offense; the history and characteristics of the defendant; or the sentencing-related goals of deterrence, protection of the public, or rehabilitation." *United States v. LaCoste*, 821 F.3d 1187, 1190–91 (9th Cir. 2016) (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B)–(D) and *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003)). "Second, the condition must be consistent with the Sentencing Commission's policy statements." *Id.* (citing 18 U.S.C. § 3583(d)(3)). And third, "the condition may involve 'no greater deprivation of liberty than is reasonably necessary' to serve the goals of supervised release." *Id.* (citing 18 U.S.C. § 3583(d)(2) and *United States v. Riley*, 576 F.3d 1046, 1048 (9th Cir. 2009)). "[A] supervised release condition need not relate to the offense of conviction, as long as it satisfies one of the above goals." *United States v. Weber*, 451 F.3d 552, 558 (9th Cir. 2006).

1.  Galvan objects to special condition number 4, which requires him to permit his probation officer to install electronic monitoring software on all his electronic devices.  The district court did not abuse its discretion because this condition is reasonably related to the nature and circumstances of Galvan's underlying crime and to the sentencing-related goals of deterrence and protection of the public, in that Galvan used his cellphone and the Internet to send harassing and threatening messages and to capture, store, and transmit photos and videos, and used a Bluetooth device to track the victim's location in furtherance of his crime.  *See LaCoste*, 821 F.3d at 1190–91; 18 U.S.C. §§ 3583(d), 3553(a).

Galvan also argues that the condition is overbroad and vague because it gives no guidance as to what activity the monitoring is designed to prevent, deter, or catch.  We disagree.  Construing this condition in the context of the other supervised release conditions, the monitoring condition is limited to ensuring that Galvan does not use electronic tracking devices to track a victim's location and to monitoring Galvan's use of electronic devices and the Internet to prevent him from communicating or harassing the victims—with the exception that he is allowed to communicate with his former wife regarding their divorce and child custody.  *See United States v. Quinzon*, 643 F.3d 1266, 1272–73 (9th Cir. 2011) (interpreting computer monitoring conditions based on the entirety of the supervised release conditions).

Lastly, we have acknowledged that the use of computer monitoring software and analogous computer search conditions are appropriate in cases involving the use of a computer or electronic device in the commission of the underlying crime. *Compare United States v. Bare*, 806 F.3d 1011, 1020 n.8 (9th Cir. 2015) (affirming computer search condition in case involving possession and pawning of prohibited firearms where defendant ran a home business to commit the crime and "computers are 'typically' where business records are 'often kept'"), *with United States v. Sales*, 476 F.3d 732, 736–38 (9th Cir. 2007) (vacating a computer monitoring condition as unconstitutionally vague in a case involving counterfeiting where there was *no* link between the Internet and the underlying crime). Thus, the district court did not abuse its discretion in imposing this condition.

2. Galvan also appeals special condition number 6 which requires him to obtain his probation officer's approval for any electronic device and online account he uses or possesses. Galvan failed to object to this condition in the district court, thus we review for plain error. *See LaCoste*, 821 F.3d at 1190. To prevail, Galvan must show that the district court committed (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If this is achieved, then it is within our discretion "to correct the forfeited error" but only if "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alterations in original) (internal quotation marks and citations

omitted).

Even if the district court had erred in imposing this condition, the error was not plain, which is fatal to Galvan's claim. To be plain, an error "must be clear or obvious, rather than subject to reasonable dispute." *United States v. Wang*, 944 F.3d 1081, 1088 (9th Cir. 2019) (citation omitted). "An error is plain if it is 'contrary to the law at the time of appeal[.]'" *Id.* at 1088 (quoting *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc)). Galvan failed to cite any case with a nexus to a computer-related crime that has invalidated this type of restriction. Also, although related to child pornography, we have affirmed more restrictive conditions of Internet access or use highlighting that the Internet was "essential" or "integral" to the defendant's commission of the underlying crime. *See United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005); *United States v. Wells*, 29 F.4th 580, 591 (9th Cir. 2022). Here, Galvan's use of electronic devices and the Internet were "essential" to the furtherance of his offense. Thus, imposition of this special condition was not "contrary to law at the time of the appeal" and any error was not "clear or obvious."

**AFFIRMED.**