NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3861 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00597-RGK-1 |
| v. | |
| JOSE MANUEL PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 9, 2025
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Jose Manuel Perez challenges his conviction and sentence for three counts of

being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1).  We

have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm in part, reverse in part,

and remand.

1. The district court did not abuse its discretion in denying Perez's second

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

request to replace his trial counsel.[1]  To determine whether a denial of a request for substitute counsel is an abuse of discretion, we consider "(1) the adequacy of the district court's inquiry; (2) the extent of the conflict between the defendant and counsel; and (3) the timeliness of defendant's motion."  *United States v. Velazquez*, 855 F.3d 1021, 1034 (9th Cir. 2017) (quoting *United States v. Reyes-Bosque*, 596 F.3d 1017, 1033 (9th Cir. 2010)).

Typically, "courts cannot properly resolve substitution motions without probing why a defendant wants a new lawyer." *Martel v. Clair*, 565 U.S. 648, 664 (2012).  In this case, the district court did not make any inquiry into Perez's second request for new counsel.  Contrary to the government's suggestion, a court cannot assume that a request for new counsel is unreasonable simply because it is not the first such request; there must be some inquiry into the relationship between the defendant and counsel.  *See Velazquez*, 855 F.3d at 1035.

The lack of inquiry is not dispositive where, as here, the defendant does not claim that "there was a serious breach of trust and a significant breakdown in

---

[1]  Perez asks us to construe his complaints on the first day of trial regarding his counsel's representation as a request for new counsel.  A preserved challenge to a denial of a request for substitute counsel is reviewed for abuse of discretion, *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005); an unpreserved challenge is reviewed for plain error, *see United States v. Myers*, 804 F.3d 1246, 1253 (9th Cir. 2015).  Because we conclude that Perez's challenge fails under the less stringent abuse of discretion standard, we assume without deciding that his complaints amounted to a request for new counsel.

communication that substantially interfered with the attorney-client relationship." *Id.* at 1035–36 (quoting *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 779 (9th Cir. 2001)). In his briefing, Perez denied that any such breakdown existed as of the first day of trial; instead, he complained that his counsel "fail[ed] to investigate" his criminal case and adequately defend him. Disagreement as to trial strategy, without more, does not amount to an irreconcilable conflict. *United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002) (explaining that "[l]itigation tactics are decisions generally left to defense counsel").

In addition, Perez's motion, made on the first day of trial, was untimely. If his motion were granted, it would certainly have resulted in some delay, possibly substantial, as a new attorney became familiar enough with the case to proceed with trial. *See United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986) ("It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance.").

Because two of the three factors weigh in favor of the district court's decision not to grant Perez's request for new counsel, and, importantly, Perez did not allege a breakdown in his relationship with counsel, we hold that the district court did not abuse its discretion by denying his second request for new counsel. *See United States v. Cassel*, 408 F.3d 622, 638 (9th Cir. 2005).

2. The same cannot be said of Perez's third request for new counsel. The

23-3861

post-plea motion filed on Perez's behalf asked for new counsel to be appointed because that there was "a complete breakdown in attorney-client communication and the attorney-client relationship." The attorney declaration further explained that the attorney did not "believe such breakdown to be salvageable."

At the hearing on the motion, Perez explained that he had reason to believe that his attorney had not been truthful regarding the evidence in the government's possession. Perez explained that had he known about the evidence alleged to be in the government's possession, he "would have continued with trial." The district court did not ask Perez any follow-up questions regarding his concerns. Instead, the court denied the motion, reasoning that it would not "make any difference what attorney would be appointed" because Perez "would not be happy with that attorney" given his prior requests for new counsel.

We have said that "[f]or an inquiry regarding substitution of counsel to be sufficient, the trial court should question the attorney or defendant 'privately and in depth.'" *United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001) (citation omitted). At the post-plea hearing, "[t]he court conducted no inquiry of [Perez] or his lawyer regarding the conflict between them." *United States v. D'Amore*, 56 F.3d 1202, 1205 (9th Cir. 1995) *overruled in part on other grounds by United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (en banc). This lack of inquiry into the alleged breakdown in the attorney-client relationship weighs in

Perez's favor.

Our analysis regarding the extent of the conflict between Perez and his counsel is hampered by the sparse record. *See United States v. Musa*, 220 F.3d 1096, 1102–03 (9th Cir. 2000) ("The absence of any inquiry by the district court also deprives this court of a sufficient basis to conduct our review of [the defendant's] request."). And unlike Perez's second request, his third request for new counsel was timely. Perez asked his counsel to request new counsel on his behalf more than five weeks before his sentencing date. His counsel filed a motion to withdraw twenty-two days in advance of the sentencing, and the district court did not rely on the timing of Perez's request in denying the motion to substitute new counsel. *See Velazquez*, 855 F.3d at 1037.

On this record, we vacate the district court's denial of the motion to withdraw and remand for a further hearing on the motion.

3. Perez also challenges the district court's interpretation and application of the Sentencing Guidelines. Because resolving these issues may avoid a second appeal, we reach these issues now. We review de novo the district court's identification of the applicable Guidelines, the court's factual findings for clear error, and its application of those Guidelines to the facts for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The applicable Guideline for a felon in possession charge provides a base

offense level of 22 if (1) "the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine" and (2) "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(3).[2] Perez challenges the district court's findings as to both elements.

The district court reasonably found the first element satisfied based on video evidence taken from Perez's phone and an identification of the make and model of the firearm and magazine depicted in the videos by the government's Firearms and Ammunition Interstate Nexus Expert. *See United States v. Kurns*, 129 F.4th 589, 595–96 (9th Cir. 2025). As for the second element, Perez is correct that California Penal Code § 245(a)(1) does not constitute a crime of violence for the purposes of U.S.S.G. § 4B1.2(a). *United States v. Gomez*, --- F.4th ---, No. 23-435, 2026 WL 90274, at *7 (9th Cir. Jan. 13, 2026) (en banc) (overruling prior circuit precedent and holding that § 245(a)(1) is not a "crime of violence" under U.S.S.G. § 4B1.2(a)); *see* U.S.S.G. § 2K2.1 app. n. 1 (explaining that "Crime of violence" has the meaning given that term in § 4B1.2(a)). However, Perez failed to raise this argument prior to his appeal and the district court's holding otherwise was not plain error. *Gomez*, --- F.4th ---, No. 23-435, 2026 WL 90274, at *8–*9 (holding

---

[2] We cite to the 2023 edition of the Guidelines, which would have been in effect at the time of Perez's sentencing. *See United States v. Wang*, 944 F.3d 1081, 1083 n.1 (9th Cir. 2019).

that the district court's conclusion that § 245(a)(1) is a "crime of violence" was erroneous, but that the error was not plain and was instead a close and difficult question).

Next, Perez argues for the first time on appeal that the district court erred in applying an adjustment for an offense involving three or more firearms because each count that he pleaded guilty to involved only one firearm.

Section 2K2.1(b)(1) directs the sentencing court to increase the base offense level by two if the "offense involved" between three and seven firearms. The Guidelines defines "offense" as the "offense of conviction and all relevant conduct under §1B1.3." U.S.S.G. § 1B1.1 app. n. 1(I). "Relevant conduct" aggregates conduct across counts if the "offenses are of a character for which § 3D1.2(d) would require grouping of multiple counts." U.S.S.G. § 1B1.3(a)(2). Firearm offenses sentenced under § 2K2.1 are listed as offenses in § 3D1.2(d) that must be grouped. Therefore, the district court did not plainly err by aggregating the three firearm offenses to which Perez pled guilty in applying § 2K2.1(b)(1).

Perez contends that there was insufficient evidence to warrant application of § 2K2.1(b)(6)(A) because the government did not establish that Perez possessed a firearm while leaving the United States. Section 2K2.1(b)(6)(A) provides for a four-level increase when a defendant "possessed any firearm . . . while leaving or attempting to leave the United States." The government presented photographs

and videos purporting to show Perez holding a pistol in California from August to October in 2021 and a subsequent series of videos and a text message exchange allegedly demonstrating that Perez possessed the same pistol in Mexico a month later.  Based on this evidence, the court's application of the § 2K2.1(b)(6)(A) enhancement was not an abuse of discretion.

We affirm the district court's interpretation and application of the Sentencing Guidelines.  If, after inquiry into Perez's third request for new counsel, the district court finds no breakdown in the attorney-client relationship sufficient to warrant substitution of counsel, the court need not resentence Perez.  Otherwise, the district court should appoint a new attorney for Perez and conduct a new sentencing hearing.  *See Adelzo-Gonzalez*, 268 F.3d at 781; *Musa*, 220 F.3d at 1102–03.

4. Finally, Perez's argument that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him is foreclosed by our decision *United States v. Duarte*, 137 F.4th 743, 762 (9th Cir. 2025) (en banc).

**AFFIRMED in part, REVERSED in part, and REMANDED.**