NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>VIOREL PRICOP,<br><br>Defendant - Appellant. | No. 24-3733<br><br>D.C. No.<br>5:22-cr-00257-SSS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Argued and Submitted October 22, 2025
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.[**]

Defendant-Appellant Viorel Pricop appeals, on evidentiary grounds, his conviction for six counts of arson in violation of 18 U.S.C. § 844(i), and separately appeals his sentence, alleging a miscalculation of his criminal history category under the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas Russell Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

affirm his conviction and sentence. Because the parties are familiar with the facts of this case, we do not repeat them here.

For the evidentiary issues, this Court first reviews *de novo* whether the challenged evidence falls within the scope of Rule 404(b) prior bad acts evidence, or whether the other acts are instead "inextricably intertwined" with the current charge, such that they are not "prior" acts and thus fall outside the Rule's strictures. *United States v. Soliman*, 813 F.2d 277, 278 (9th Cir. 1987). If Rule 404(b) applies, the Court reviews for abuse of discretion whether the district court admitted the evidence for a permissible purpose under Rule 404(b)(2). *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004). Then the Court reviews, again for abuse of discretion, whether the evidence passes muster under Rule 403's weighing of probative value versus unfair prejudice. *See United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000). On Pricop's remaining evidentiary issue, the Court also reviews for abuse of discretion whether evidence is properly authenticated. *United States v. Estrada-Eliverio*, 583 F.3d 669, 672 (9th Cir. 2009).

For sentencing issues, this Court applies plain error review "when a defendant raises a procedural objection to his sentence [on appeal] that he did not raise in the district court," *United States v. Wang*, 944 F.3d 1081, 1085 (9th Cir. 2019), which is what happened here.

24-3733

1. The district court properly admitted evidence of the nineteen out-of-state fires on the grounds that those other acts are "inextricably intertwined" with the charged offense, and thus are not subject to Rule 404(b). *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002). Evidence is inextricably intertwined if either (1) the other act is "part of the transaction that serves as the basis for the criminal charge," or in other words, the prior act and the current charged act are part of a single criminal transaction, or (2) the evidence is necessary to tell a "coherent and comprehensible story." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). The other-fires evidence here qualifies under both definitions. The evidence suggested that Pricop engaged in one overarching revenge scheme to target and burn Swift trailers in response to Swift's earlier involvement in prosecuting him for stealing goods from the company. Separately, the other fires were also necessary to tell a coherent and comprehensible story of how the ATF became involved in this case, how the government identified Pricop as a suspect, and how it collected evidence such as the location data. Further, the probative value of the other fires was high and was not substantially outweighed by any unfair prejudice.[1]

2. Turning to the earlier theft investigation and conviction, while that evidence was subject to Rule 404(b), it was admissible under that Rule. Evidence is

---

[1] There was also sufficient evidence for a jury to find Pricop committed the other fires for purposes of Rule 104(b). *See Huddleston v. United States*, 485 U.S. 681, 689–90 (1988).

admissible under Rule 404(b) when: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that [the] defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). Pricop was aware that Swift helped secure his earlier theft conviction, so that prior theft conviction tended to prove motive, which is a permissible purpose. *See* Fed. R. Evid. 404(b)(2). Motive also relates to one of the elements of the arson charge because it makes it more likely that Pricop maliciously (i.e. intentionally) set the fires if he acted based on revenge. The prior conviction was less than two years earlier, so it was not too remote in time. *See United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989). A conviction is sufficient evidence to show a defendant in fact committed the prior bad act, and similarity is not required when offered to prove motive. *See United States v. Miller*, 874 F.2d 1255, 1269 (9th Cir. 1989). Additionally, the high probative value of this motive evidence, at least as to the theft conviction itself, was not substantially outweighed by any unfair prejudice. Even assuming some of the testimony about the underlying theft *investigation* may have been unfairly prejudicial compared to its limited probative value, any error in admitting that evidence was harmless in light of the totality of the evidence.

4                                                                    24-3733

3.    The Geotab location records were properly authenticated. While the government below argued the records were self-authenticating through the combination of Rules 902(11) and 803(6), the government admits on appeal that was incorrect. But the records were still properly authenticated under Rule 901(a), which requires "the proponent [to] offer 'evidence sufficient to support a finding that the item is what the proponent claims it is.'" *United States v. Browne*, 834 F.3d 403, 408 (3d Cir. 2016) (quoting Fed. R. Evid. 901(a)). Here, the search warrant, related emails, testimony from an agent about securing the warrant and from another agent about reviewing the records, and the AT&T declaration itself, together provided sufficient extrinsic evidence to authenticate the Geotab location records.

4.    As for the sentencing issue, Pricop waived his argument. He neither raised it below nor properly pressed it in his opening brief (as he relied on the wrong state's law there), and "an argument raised for the first time in a *reply* brief … is not an argument that we may consider." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (emphasis original).

**AFFIRMED.**

24-3733